IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEMORY CARE US REIT, LLC, and MEMORY CARE (US REIT) PTY LIMITED, as trustee for MEMORY CARE (US REIT) TRUST,<br><br>      Plaintiffs,<br><br>-against-<br><br>PMC INVESTOR, LP, and PANCHO MEMORY CARE NL C.V.,<br><br>      Defendants. | C.A. No. 23-cv-00357 CFC |

## DEFENDANT PMC INVESTOR, LP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

*Counsel for PMC Investor, LP:*

| | |
|---|---|
| **SULLIVAN HAZELTINE ALLINSON LLC**<br>William A. Hazeltine (No. 3294)<br>919 North Market Street, Suite 420<br>Wilmington, Delaware 19801<br>Tel: 302.428.8191<br>Fax: 302.428.8195<br>whazeltine@sha-llc.com | **RIVKIN LAW GROUP PLLC**<br>Oleg Rivkin, Esq.<br>48 Wall Street, Suite 1100<br>New York, New York 10005<br>(212) 231-9776<br>(201) 362-4100 (mobile)<br>or@rivkinlawgroup.com |

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................. *i*

TABLE OF AUTHORITIES ......................................................................... *ii*

I.     PRELIMINARY STATEMENT ..................................................................1

II.    STATEMENT OF FACTS ..........................................................................2

III.   THIS COURT SHOULD DISMISS THE COMPLAINT ..............................5

      A.    Dismissal is Warranted Under Fed. R. Civ. P. 12(b)(3) ........................5

      B.    Dismissal is Warranted Under Fed. R. Civ. P. 12(b)(5) ......................11

IV.   CONCLUSION ........................................................................................12

## TABLE OF AUTHORITIES

**Cases**

*E.E.O.C. v. Univ. of Pennsylvania,* 850 F.2d 969 (3d Cir. 1990), *aff'd on other grounds*, 493 U.S. 182 (1990) .............................................................. 5-6

*QCV, Inc. v. Patiomats.com, LLC,* 2012 WL 3155471 (E.D.Pa. Aug. 3, 2012) ................................................................................................................ 6

*Reisman v. Van Wagoner Funds, Inc.*, 2002 WL 1459384, at * 1 (D. Del., June 7, 2002) .......................................................................................... 6

*Sinclair Cattle Company, Inc. v. Ward*, 80 F. Supp. 3d 553, 558 (E.D. Pa. 2015) .................................................................................................... 6

**Statutes and Rules**

6 DE Code § 17-911(a) ....................................................................................... 11-12

I.  **PRELIMINARY STATEMENT**

This action was filed on March 16, 2023, in the Court of Chancery of the State of Delaware and was removed to this Court by Defendant PMC Investor, LP ("PMC") on March 29, 2023. As stated in the Notice of Removal, the action in the Chancery Court ("Delaware Chancery Action") was filed in an improper attempt to forum shop and circumvent jurisdiction of the United States Court for the District of District of Columbia over an action filed in that court by PMC on December 30, 2022, entitled "*PMC INVESTOR, LP v. MEMORY CARE (US REIT) PTY LIMITED, as trustee for MEMORY CARE (US REIT) TRUST*," case no. 1:22-cv-03841 (TNM) ("DC District Action"). The Delaware Chancery Action is substantively a mirror image of the DC District Action, with the plaintiff having simply recast what would have been its defenses and/or counterclaims in the DC District Action as affirmative claims in the Delaware Chancery Action (now this action).

On March 31, 2023, PMC filed a motion to transfer this action to the District of the District of Columbia for its ultimate consolidation with the DC District Action ("Transfer Motion"). The Transfer Motion is based on the first-filed rule, and also on 28 U.S.C. 1404(a).

Pursuant to Fed. R. Civ P. 81(c)(2), PMC's response to the Complaint is due at the latest 21 says "after receiving – through service or otherwise – a copy of the

initial pleading" in the Delaware Chancery Action. Consequently, PMC is compelled to make this motion so as not to risk running afoul of the requirements of Rule 81.

The basis for this motion is improper venue (Rule 12(b)(3)) and insufficiency of process (Rule 12(b)(5)).

## II.   STATEMENT OF FACTS

The facts relevant to the instant action are substantially the same as the facts stated in PMC's motion to transfer venue. For the sake of convenience, the most pertinent facts are restated here.

The DC District Action was commenced by PMC to resolve a dispute between PMC and MEMORY CARE (US REIT) TRUST ("Australian Trust") over which of them holds a majority interest in MEMORY CARE US REIT, LLC (the "REIT"). A copy of the Complaint in the DC District Action is annexed as Exhibit A to the Declaration of Oleg Rivkin, Esq., submitted herewith ("Rivkin Decl.").[1]

As pleaded in the DC District Action Complaint, PMC and the Australian Trust are the sole two members of the REIT. PMC claims that it holds a 53.5% interest in the REIT. The Australian Trust claims that it holds a 68% interest in the

---

[1] On March 21, 2023, PMC filed an amended complaint in the DC District Action. (Rivkin Decl. Ex. B). The only change from the original complaint is that the amended complaint names the trustee of the Australian Trust (rather than the trust itself) as a party defendant, since under District of Columbia law, a common law trust must be sued in the name of its trustee.

REIT. The REIT, which is a Delaware Limited Company, is named as a Nominal Defendant in the DC District Action, as it is merely the entity whose ownership is disputed by its two members, and who is not itself a real party in interest in the litigation, being rather akin to a stakeholder. (Rivkin Decl. Ex. A, ¶¶ 1-9, 15).

Nearly four months after the commencement of the DC District Action, the Australian Trust filed the Delaware Chancery Action (now this action), which is substantively a mirror image of the DC District Action. (Rivkin Decl. Ex. C). The Australian Trust simply recasts what would have been its defenses in the DC District Action as affirmative claims in the Delaware Chancery Action.

Thus, in Count I, the Australian Trust seeks a declaration of the validity of a certain Memorandum of Understanding, which is the document on which the Australian Trust relies to argue that it holds a 68% interest in the REIT (Rivkin Decl. Ex. C, ¶¶ 52-53); In Count II, the Australian Trust seeks a declaration as of the "ownership of REIT," *i.e.*, the very issue in the DC District Action (Rivkin Decl. Ex. C, ¶¶ 55-63); In Counts III and IV, plaintiff seeks a declaration as to the "Role of the Manager" of REIT, and the validity of his actions as Manager (Rivkin Decl. Ex. C, ¶¶ 65-72). Count V is for indemnification of costs and expenses against PMC. (Rivkin Decl. Ex. C, ¶¶ 74-77).

In an effort to defeat the diversity jurisdiction of the DC District Court, the Australian Trust's counsel has added the REIT itself (*i.e.*, the entity whose

ownership is disputed and who is listed as a Nominal Defendant in the DC District Action) as one of the plaintiffs in the Delaware Chancery Action.

As stated in the Notice of Removal, the sole reason for this inclusion of this fraudulent joinder is an effort to jerrymander the caption to avoid the removal of the Delaware Chancery Action to this Court and a subsequent transfer of venue to the DC District Court and consolidation with the DC District Action. In other words, this was rank forum shopping on the part of the Australian Trust and its counsel. The REIT is not a party with a real interest in this dispute, which is why it is listed as a nominal defendant in the DC District Action. There are no claims in the Delaware Chancery Action that are asserted by the REIT itself against PMC, nor could there be, since the dispute is between two owners of the REIT as to who owns what percentage of the REIT. (Rivkin Decl. Ex. D).

The plaintiff in the Delaware Chancery Action has also included an entity they claim to be called Pancho Memory Care NL C.V. ("PMC Netherlands") as a defendant. They claim that PMC Netherlands has never made any capital contribution to the REIT and has never asserted any ownership interest in the REIT, and they allege nothing at all to indicate that there is any form of case or controversy regarding PMC Netherlands. There is nothing in the complaint to indicate that PMC Netherlands could be plausibly deemed a party in interest. The Delaware Chancery Action Complaint plainly says that PMC Netherlands has "made no capital

contributions and therefore owns none of the Common Shares in the REIT," and that it "has never asserted any ownership rights to Common Shares in the REIT." (Rivkin Decl. Ex. C, ¶¶ 4, 22, 56, 62). There are no claims against PMC Netherlands. Including PMC Netherlands as a defendant is another example of fraudulent joinder to try to defeat federal jurisdiction.

Also, as shown below, service of process on PMC through the secretary of state of Delaware was ineffective because PMC does not conduct any business in Delaware.

### III. THIS COURT SHOULD DISMISS THE COMPLAINT FOR IMPROPER VENUE AND INSUFFICIENCY OF PROCESS

#### A. Dismissal is Warranted Under Fed. R. Civ. P. 12(b)(3)

The same grounds which warrant transfer of this action to the District of District of Columbia, specifically, the first-filed rule, also warrant dismissal for improper venue under Rule 12(b)(3).

The first-filed rule requires, absent extraordinary circumstances, that cases sharing substantially similar subject matter and subject to concurrent federal jurisdiction be decided by the court where the litigation was first filed. *E.E.O.C. v. Univ. of Pennsylvania,* 850 F.2d 969, 971 (3d Cir. 1990), *aff'd on other grounds*, 493 U.S. 182 (1990). The rationale for the rule is the desire for sound judicial administration and comity among federal courts of equal stature. *EEOC*, 850 F.2d at

971. It is also designed to relieve a party who first brings a controversy into a court of competent jurisdiction from vexation of multiple litigations covering the same subject matter. *QCV, Inc. v. Patiomats.com, LLC,* 2012 WL 3155471, at * 3 (E.D.Pa. Aug. 3, 2012). The first-filed rule applies with equal force to motions to transfer venue and motions to dismiss for improper venue. *See Sinclair Cattle Company, Inc. v. Ward*, 80 F. Supp. 3d 553, 558 (E.D. Pa. 2015).

As stated in *Reisman v. Van Wagoner Funds, Inc.*, 2002 WL 1459384, at * 1 (D. Del., June 7, 2002) *citing EEOC, supra*, 850 F.2d at 979, "[i]nvocation of the [first-filed] rule will usually be the norm, not the exception. Courts must be presented with exceptional circumstances before exercising their discretion to depart from the first-filed rule." In *Reisman*, the court concluded that the two actions were "substantially similar" and ordered transfer to the forum of the first-filed action.

In the DC District Action, PMC alleges that it holds the interests of certain Israeli/U.S. investors in the REIT, and that these investors had invested a total of $17.7 million in the REIT. PMC further alleges that certain Australian investors, whose interests in the REIT are held by the Australian Trust, had invested a total of $15.4 million in the REIT. Consequently, on a purely arithmetical basis, PMC claims that it holds a 53.5% ownership interest in the REIT, and that the Australian Trust holds a 46.5% ownership interest. (Rivkin Decl. Ex. A, ¶¶ 27, 28).

PMC further alleges that since March 2021, the Australian investors have unilaterally asserted that the Australian Trust owns 68% of the REIT, and that the Israeli/U.S. investors (*i.e.*, PMC) own the remaining 32%. (Rivkin Decl. Ex. A, ¶¶ 31). Consistent with this false assertion, the Australian Trust has since purported to conduct itself as a majority owner of the REIT, despite not being a majority owner and despite PMC's repeated protestations and objections. This includes, *inter alia*, amending the REIT's operating agreement to remove the requirement of providing members with audited financial statements or the REIT, making it impossible for majority holders to remove the purported new "manager" of the REIT, as well as other powers based on the Australian Trust's claimed majority interest, all to the detriment of PMC, who is the true majority owner. (Rivkin Decl. Ex. A, ¶¶ 32).

Based on these allegations, PMC seeks a declaratory judgment as follows:

(a)   that PMC holds not less than a 53.5% ownership interest in the REIT;

(b)   that the Australian Trust holds not more than a 46.5% ownership interest in the REIT;

(c)   that all prior actions of the Australian Trust, or any person or entity purporting to act on its behalf, which are inconsistent with the Australian Trust's true ownership interest in the REIT are void and of no effect, or voidable at PMC's election;

    (d)    that any amendments or changes to the REIT's corporate documents, including, without limitations, its operating agreement, made by the Australian Trust, or any person or entity purporting to act on its behalf, based on the Australian Trust's claimed majority ownership interest in the REIT are void or voidable at PMC's election;

    (e)    that all documents executed by the Australian Trust, or any person or entity purporting to act on its behalf, based on the Australian Trust's claimed status as a majority owner of the REIT are void or voidable at PMC's election; and

    (f)    that neither the Australian Trust nor any person or entity purporting to act on its behalf are entitled to distribute any funds of the REIT to its members or take any steps to liquidate the REIT.

(Rivkin Decl. Ex. A, ¶¶ 46).

    PMC also seeks an injunction enjoining the Australian Trust from taking any actions, including executing any documents, with respect to the REIT, which are inconsistent with its minority interest, including actions relating to any managerial, financial and all other aspects of the company's business, as well as other related injunctive relief. (Rivkin Decl. Ex. A, ¶¶ 48-53).

    In the Delaware Chancery Action which has been removed to this Court, the plaintiff Australian Trust rejects or contradicts the bulk of the allegations of PMC in

the DC District Action. Most critically, the Australian Trust claims that it owns 68% of the REIT and that PMC owns 32% of the REIT. (Rivkin Decl. Ex. C, ¶¶ 27, 55, 60, 63, 68). This is precisely the crux of PMC's claim in the DC District Action. The Australian Trust further claims that the "claim by defendant PMC Investor that it owns 53.5% of the Common Shares of the REIT is barred by the doctrine of estoppel." (Rivkin Decl. Ex. C, ¶ 60). This is nothing if not a direct defense to PMC's claim in the DC District Action.

As for the relief sought in this action, in Count I, the Australian Trust seeks a declaration of the validity of a certain Memorandum of Understanding, which is the document on which the Australian Trust relies to argue that it holds a 68% interest in the REIT. (Rivkin Decl. Ex. C, ¶¶ 51-53). In other words, this is a request for a declaration that the Australian Trust owns 68% of the REIT presented as a claim to "validate" a document which the Australian Trust claims says so.

In Count II, the Australian Trust seeks a declaration as of the "ownership of REIT," *i.e.*, that the Australian Trust owns 68% of the REIT. The claim is the very inverse of what PMC claims in the DC District Action: "Plaintiffs are entitled to a declaration that (a) the Australian Trustee on behalf of the Australian Trust owns 68% and the defendant PMC Investor owns 32% of the Common Shares of the REIT and (b) that actions undertaken by the Australian Trustee as a majority member are not void or voidable." (Rivkin Decl. Ex. C, ¶ 63). PMC's claim in the DC District

Action is that the Australian Trust has falsely and improperly claimed that it holds 68% of the interest in the REIT.

In Counts III and IV, the Australian Trust seeks a declaration as to the "Role of the Manager" of REIT, and the validity of his actions as Manager. (Rivkin Decl. Ex. C, ¶¶ 65-68). The Manager is Memory Care Investment (Australia) Pty Limited. (Rivkin Decl. Ex. C, ¶ 31). Counts III and IV are intended to negate PMC's allegation in the DC District Action that the Australian Trust has "purported to conduct itself as a majority owner of [the] REIT," and has "made it impossible for majority holders to remove the purported new 'manager' of [the] REIT." (Rivkin Decl. Ex. A, ¶ 32). In other words, the Australian Trust asks this Court to declare as valid the actions of the very manager who PMC claims had been improperly appointed and whom PMC has not been able to remove because the Australian Trust has falsely asserted that it holds a majority interest in the REIT and possesses the authority to select the manager.

In Count IV, the Australian Trust seeks a declaration that the actions of Manager are not void or voidable. (Rivkin Decl. Ex. C, ¶ 72). This is the very same "purported" manager who had been appointed by the Australian Trustee based on its false assertion that it holds a majority interest in the REIT. The claim is again an attempted negation (indeed, almost verbatim) of PMC's claim in the DC District Action that it is entitled to a declaration "that all documents executed by Defendant,

or any person or entity purporting to act on its behalf [*i.e.*, including the purported manager], based on Defendant's claimed status as a majority owner of [the] REIT are void or voidable at Plaintiff's election." (Rivkin Decl. Ex. A, ¶ 46(e)).

Count V, entitled "Australian Trust v. PMC Investor, is for an indemnification of costs and expenses against PMC. (Rivkin Decl. Ex. C, ¶¶ 75, 76).

All of the above claims asserted by the Australian Trust are in fact its defenses, (or at best counterclaims) to PMC's claims in the DC District Action disguised as affirmative claims. Simply, the Australian Trust did not for whatever reason like the forum in which PMC brought its claims and has sought to maneuver the litigation to the Delaware Chancery Court. The first-filed rule is designed specifically for this type of situation and should be applied here.

### B. Dismissal is Warranted Under Fed. R. Civ. P. 12(b)(5)

The Complaint should also be dismissed for insufficiency of process. As stated in PMC's Notice of Removal (Rivkin Decl., Ex. D), Plaintiff purported to serve process on PMC via the Secretary of State of Delaware, pursuant to 6 DE Code § 17-911(a), which states as follows:

> Any foreign limited partnership *which shall do business in the State of Delaware* without having registered under § 17-902 of this title shall be deemed to have thereby appointed and constituted the Secretary of State of the State of Delaware its agent for the acceptance of legal process in any civil action, suit or proceeding against it in any state or federal court

in the State of Delaware arising or growing out of any business done by it within the State of Delaware.

(Emphasis added).

PMC does not do business in the State of Delaware, and neither do any of PMC's limited partners. See Declaration of Robert J. Tolchin, submitted herewith. PMC's counsel learned of the commencement of the Delaware State Action on March 20, 2023.

Consequently, purported service of process upon PMC under § 17-911(a) is insufficient and the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).

## IV.   CONCLUSION

For the foregoing reasons, the motion should be granted and the Complaint should be dismissed.

Dated: April 10, 2023

Respectfully submitted,

**SULLIVAN HAZELTINE ALLINSON LLC**

*William A. Hazeltine*
_____
William A. Hazeltine (No. 3294)
919 North Market Street, Suite 420
Wilmington, Delaware 19801
Tel: 302.428.8191
Fax: 302.428.8195
Email: whazeltine@sha-llc.com

    -and-

Oleg Rivkin, Esq.
RIVKIN LAW GROUP PLLC
48 Wall Street, Suite 1100
New York, New York 10005
(212) 231-9776
(201) 362-4100 (mobile)
or@rivkinlawgroup.com

*Counsel for PMC Investor, LP*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief is in 14-point Times New Roman font and that it contains 2,880 words, excluding the case caption, table of contents, table of authorities, and signature block. I relied upon the word count of the word-processing system (Microsoft Word) used to prepare the filing.

Dated: April 10, 2023

SULLIVAN HAZELTINE ALLINSON LLC

*/s/ William A. Hazeltine*
William A. Hazeltine (No. 3294)
919 North Market Street, Suite 420
Wilmington, Delaware 19801
Tel: 302.428.8191
Fax: 302.428.8195
Email: whazeltine@sha-llc.com

and

Oleg Rivkin, Esq.
RIVKIN LAW GROUP PLLC
48 Wall Street, Suite 1100
New York, New York 10005
(212) 231-9776
(201) 362-4100 (mobile)
or@rivkinlawgroup.com

*Counsel for PMC Investor, LP*