# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MEMORY CARE US REIT, LLC,
and MEMORY CARE (US REIT)
PTY LIMITED, as trustee for
MEMORY CARE (US REIT)
TRUST,

           Plaintiffs,

         -against-

PMC INVESTOR, LP, and
PANCHO MEMORY CARE NL
C.V.,

         Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. No. 23-cv-00357-CFC

## DEFENDANT PMC INVESTOR, LP'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

*Counsel for PMC Investor, LP:*

**SULLIVAN HAZELTINE ALLINSON LLC**
William A. Hazeltine (No. 3294)
919 North Market Street, Suite 420
Wilmington, Delaware 19801
Tel: 302.428.8191
Fax: 302.428.8195
whazeltine@sha-llc.com

**RIVKIN LAW GROUP PLLC**
Oleg Rivkin, Esq.
48 Wall Street, Suite 1100
New York, New York 10005
(212) 231-9776
(201) 362-4100 (mobile)
or@rivkinlawgroup.com

## TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................i

TABLE OF AUTHORITIES .......................................................................... ii

I.     PRELIMINARY STATEMENT ......................................................1

II.    THE REIT AND PMC NETHERLANDS ARE NOT "REAL
       AND SUBSTANTIAL PARTIES" TO THE CONTROVERSY ..................3

       A.    Under Delaware Law the REIT Has Neither "Standing" nor "Interest,"
             and Must Be Designated as a Nominal Defendant ..............................5

       B.    The Alleged "Interests" of the REIT Are Nothing More
             Than a Recasting of the Australian Trust's Defendants as
             Affirmative Claim ................................................................9

       C.    PMC Netherlands Is Not a "Real" or "Substantial" Party to
             the Controversy ...................................................................13

             1.    No Actual Controversy Exists Between Plaintiffs and
                   PMC Netherlands.......................................................14

CONCLUSION ........................................................................................17

### TABLE OF AUTHORITIES

<u>**Cases**</u>

*A & J Capital, Inc. v. Law Office of Krug*,
   2019 WL 367176 (Del. Ch. Jan. 29, 2019)............................................................8

*Avgris Brothers, LLC v. Boukidis*,
   2022 WL 4672075 (Del. Ch. Sept. 30, 2022).......................................................8

*Breitigan v. Delaware*, 2003 WL 21663676 (D. Del. July 16, 2003) ....................15

*Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764 (3d Cir. 1991).............................4, 5

*Clark v. Kelly*, 1999 WL 458625 (Del. Ch. June 24, 1999) ...................................7

*DB BF LLC v. Ray*, 2021 WL 776742 (Del. Ch. March 1, 2021) ...........................7

*Facchina v. Malley*, 2006 WL 2328228 (Del. Ch. Aug. 1, 2006)...........................8

*Freeman v. Qualizza,* 2022 WL 3330377 (Del. Ch. May 19, 2022) .......................7

*Golub CEE Investors, LLC v. GGH-RE Investments Partners*,
   2022 WL 905868 (Del. Ch., March 29, 2022) .....................................................8

*Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337 (3d Cir. 2013) ......3, 9, 12, 16

*Lynch v. Gonzalez*, 2020 WL 5648567 (Del. Ch. Sept. 22, 2020) ..................6, 9, 12

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*,
   312 U.S. 270 (1941)............................................................................................14

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) ...................................14

*Moore Corporation Limited v. Wallace Computer Services*,
   898 F. Supp. 1089 (D. Del. 1995).......................................................................15

*Navarro Ass'n v. Lee,* 446 U.S. 458 (1980).....................................................3, 4, 16

*Obeid v. Hogan*, 2016 WL 3356851 (Del. Ch. June 10, 2016) ...............................8

*Pearl City Elevator, Inc. v. Gieseke*,
   2020 WL 5640268 (Del. Ch. Sept. 18, 2020).......................................................8

*Step-Saver Data Systems, Inc. v. Wyse Technology*,
   912 F.2d 643 (3d Cir. 1990) ...............................................................................15

**<u>Statutes and Rules</u>**

6 Del. Code § 18-110 ...................................................................................................5

**<u>Other Authority</u>**

Donald J. Wolfe, Jr. & Michael A. Pittenger, *Corporate and
    Commercial Practice in the Delaware Court Chancery* § 9.09[a] ........................6

Defendant PMC Investor, LP ("PMC") respectfully submits this memorandum of law in opposition to Plaintiffs' motion to remand this case to Delaware Chancery Court.

## I.    PRELIMINARY STATEMENT

As stated in the Notice of Removal, Plaintiffs filed this action in the Chancery Court ("Delaware Chancery Action") on March 16, 2023 in an improper attempt to forum shop and circumvent the jurisdiction of the United States Court for the District of District of Columbia, where an action on the same facts, entitled "*PMC INVESTOR, LP v. MEMORY CARE (US REIT) PTY LIMITED, as trustee for MEMORY CARE (US REIT) TRUST*," case no. 1:22-cv-03841 (TNM) ("DC District Action"), had already been filed by PMC on December 30, 2022.

This action is substantively a mirror image of the DC District Action, with the DC District Action defendant having simply recast what would have been its defenses in the DC District Action as affirmative claims in this reciprocal action.

In this motion Plaintiffs make the same arguments as the ones they made in opposition to PMC's motion to transfer this action to the DC District Court. (Dkt. 15). Plaintiffs' central argument is that MEMORY CARE US REIT, LLC (the "REIT") is a proper and necessary party to the action with its own independent interest, and thus cannot be designated as a nominal defendant, as it is designated in the DC District Action. As demonstrated in PMC's reply in support of its motion to

transfer venue (Dkt. 17), and as further shown below, this argument is directly at odds with settled Delaware law which *requires* the REIT to be designated as a *nominal defendant*. A nominal defendant's citizenship is not considered in diversity analysis.

Plaintiffs' second argument is that the inclusion by them of an entity called PANCHO MEMORY CARE NL C.V. ("PMC Netherlands") as a defendant in this action defeats jurisdiction. The inclusion of PMC Netherlands as a party is, to put it bluntly, a farce. Plaintiffs admit in the complaint that PMC Netherlands has never made any capital contribution to the REIT and has never asserted any ownership interest in the REIT. Plaintiffs make no claims against PMC Netherlands in the complaint. There is nothing in the complaint to indicate that PMC Netherlands could be plausibly deemed a party in interest, let alone a party with a "real and substantial" interest that is required in a diversity jurisdiction analysis. There is nothing in the complaint to indicate that PMC Netherlands has ever asserted a claim against any other party, or that it even exists as a functioning entity. Its inclusion as a defendant is solely an attempted gimmick to undermine diversity jurisdiction.

This action is part of Plaintiffs' strategy to get PMC's case out of the DC District Court and into Delaware Chancery Court, a strategy whose starting point was to file the Delaware Chancery Action, followed by a motion to dismiss the DC District Action. This motion to remand is the latest installment. What Plaintiffs have done to undermine diversity is, first, gerrymander the caption of the DC District

Action by shifting the REIT from the position of a nominal defendant (***where it belongs under Delaware law***) to the top as an additional plaintiff, thus manufacturing a contrived lack of diversity between PMC and the REIT (since the citizenships of both would overlap); and, second, add PMC Netherlands as a party defendant, even though it is an entity that, by Plaintiffs' admission, "has never asserted any ownership" in the REIT and even though no claims are made against it or could plausibly be made.

By doing this, Plaintiffs hope to convince the Court that the complaint asserts a claim by a foreign plaintiff (the Australian Trust) against a foreign defendant (PMC Netherlands), which would be a claim that lacks diversity as it would be a claim of one foreigner against another. But Plaintiffs' position is baseless, and is nothing more than an exercise in rank forum shopping.

## II.   THE REIT AND PMC NETHERLANDS ARE NOT "REAL AND SUBSTANTIAL PARTIES" TO THE CONTROVERSY

"The 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 358 (3d Cir. 2013), quoting *Navarro Ass'n v. Lee,* 446 U.S. 458, 463 (1980). "Thus, a federal court must disregard nominal or formal parties," and can base its jurisdiction only upon the citizenship of parties with "a real interest

in the litigation." *Id*., quoting *Bumberger v. Ins. Co. of N. Am*., 952 F.2d 764, 767 (3d Cir. 1991).

The only "real and substantial parties" in this case are the two members of the REIT: PMC and the Australian Trust. PMC is a Cayman Islands limited liability partnership. (Dkt. 6-1 ¶ 3). PMC's limited partner is Pancho Memory Care Capital, LP, a Cayman Islands limited partnership, the limited partners of which are individuals who are citizens of several states of the United States and Israel, and entities which are for diversity jurisdiction purposes citizens of several states of the United States, Israel, and as to one individual Cyprus. (Dkt. 6-1 ¶ 8; *see* Plaintiff's certification pursuant to this Court's April 18, 2022 Standing Order regarding Disclosure of Citizenship of Organizational Entities in Diversity Cases.)

The Australian Trust, represented here by its Trustee, alleges in its complaint that it is an Australian unit trust. (Dkt. 6-3 ¶ 2). Diversity exists as between the Australian Trust (citizen of Australia) on the one hand, and PMC, the citizenship of which is based on the citizenship of each of its limited partners, and which, through its limited partner Pancho Memory Care Capital, LP, includes several U.S. persons and entities. (Dkt. 6-1, ¶ 3, 5, 7, 10, 11).

Neither the REIT nor PMC Netherlands is a "real and substantial party" here. As shown below, under Delaware law the REIT has no standing and no interest in the outcome of the litigation and must be designated as a nominal defendant. PMC Netherlands is likewise not a real and substantial party because there is no adversity

-4-

of interest between it and the Plaintiffs. The REIT and PMC Netherlands should be disregarded for the purposes of diversity analysis. *Bumberger,* 952 F.2d at 767.

### A. Under Delaware Law the REIT Has Neither "Standing" nor "Interest," and Must Be Designated as a Nominal Defendant

Plaintiffs' central argument for inclusion of the REIT as a plaintiff—and the absence of diversity jurisdiction that flows from this inclusion—is their contention that this is mandated by 6 Del. Code § 18-110(a) and (b), which require that "the limited liability company shall be named as a party." (Dkt. 15, p. 10). Plaintiffs emphasize that under § 18-110(a), the Delaware Court of Chancery is "empowered to hear and determine the validity of any admission, election, appointment, removal or resignation or a manager of a limited liability company, and the right of any person to become or continue to be a manager." (Dkt. 15, p. 10). They further state that under § 18-110(b) disputes over the "result of any vote of members" requires that the limited liability company be named as a party. (*Id*.). This means, according to Plaintiffs, that under § 18-110 the "limited liability company is not just a formal party sitting on the sidelines with no stake in the controversy while the real parties in interest litigate a disputed vote," *i.e.*, that the limited liability company (the REIT) may not be a mere nominal defendant. (*Id*.).

Plaintiffs do not cite a single Delaware case applying § 18-110. That is because this statute has been interpreted consistently by Delaware courts to mean precisely the *opposite* of what Plaintiffs claim.

In *Lynch v. Gonzalez*, 2020 WL 5648567 (Del. Ch. Sept. 22, 2020), the court explained that under § 18-110 the limited liability company is designated as a nominal defendant, because it has no interest of its own in the outcome of a § 18-110 case:

> As I have previously explained in this case, a Section 18-110 action is one *in rem*. Belleville is not before the Court as a party *in personam*, but rather as the LLC whose managerial roles are the *res* to be adjudicated. It is precisely for that reason that the entity is ***typically named as a "nominal"*** defendant, a party over which jurisdiction "must be asserted in order to enforce any subsequent judicial ruling," ***even though it 'has no 'interest' in the outcome of judicial review.***

*Id.,* 2020 WL 5648567 at *5. (Emphasis added). *Lynch* cited the following language from Donald J. Wolfe, Jr. & Michael A. Pittenger, *Corporate and Commercial Practice in the Delaware Court Chancery* § 9.09[a], at 9-201 (*comparing 8 Del. C. § 225(b) with 6 Del. C. § 18-110(a)*):

> While the corporate analogue to Section 18-110 "grant[s] standing to the corporation to seek relief under the statute with respect to stockholder votes other than those conducted for the purposes of electing directors or officers[,] [t]he alternative entity statutes, in contrast, ***do not confer such standing upon the...limited liability entity itself,*** only on the partners, members, or managers, as the case may be."

*Id*. at n. 42 (emphasis added).

-6-

*DB BF LLC v. Ray*, 2021 WL 776742 (Del. Ch. March 1, 2021) involved a dispute between two members of American General Resources, LLC ("AGR"). AGR was named as a nominal defendant. In Count XXII, plaintiff sought a declaration of improper removal of AGR's manager, under § 18-110. Defendant moved to dismiss the claim on the grounds that AGR was not named as a defendant, but only a nominal defendant. The court denied the motion, stating as follows:

> Count XXII seeks a declaration under Section 18-110 that Menashe was not validly removed from his office as Series D Manager. First, Defendants argue that this claim is procedurally deficient because Plaintiffs fail to name the company as a defendant in Count XXII. Because Section 18-110 proceedings are *in rem*, the statute requires the company to be a party to the case. Count XXII is pled against "all Defendants" **and AGR is named as a nominal defendant, so dismissal is inappropriate on those grounds**.

*Id*., 2021 WL 776742 at *25. (Emphasis added).

Delaware cases applying § 18-110 are consistent that designating the limited liability company as a nominal defendant is the proper designation. For example:

*Freeman v. Qualizza*, 2022 WL 3330377 (Del. Ch. May 19, 2022) involved a dispute under § 18-110 between two members of Urban Development Fund, LLC ("UDF"), "to determine the manager" of UDF, which was named as a nominal defendant.

*Clark v. Kelly*, 1999 WL 458625 (Del. Ch. June 24, 1999) involved a dispute between two individuals, each of whom claimed to be the manager of Riviera

Finance LLC ("RF"). Each one, through a corporate entity, owned 50% of RF. The claim was brought under § 18-110, and, as in the cases above, the limited liability company, RF, was named as a nominal defendant.

*Avgris Brothers, LLC v. Boukidis*, 2022 WL 4672075 (Del. Ch. Sept. 30, 2022) also involved a dispute between two members of a limited liability company under § 18-110 regarding propriety of the removal of one of them as the company's manager. The company, A-B Brothers LLC, was named as a nominal defendant.

*Golub CEE Investors, LLC v. GGH-RE Investments Partners*, 2022 WL 905868 (Del. Ch., March 29, 2022), involved, in the court's words, a claim for "a declaration pursuant to 18-110 that defendant GGH-RE Investment Partners Limited ("GGH-RE") has been removed from its position as Operating Managing Member of the *nominal defendant*, Golub Gethouse Realty Company LLC." *Id.* (Emphasis added).

In *Pearl City Elevator, Inc. v. Gieseke*, 2020 WL 5640268 (Del. Ch. Sept. 18, 2020), the plaintiff sought "a declaration under 18-110 that it may appoint a seventh and controlling member to the Board of Governors (the "Board") of nominal defendant Adkins Energy, LLC." *Id.* (Emphasis added). *See also A & J Capital, Inc. v. Law Office of Krug*, 2019 WL 367176, at *2 (Del. Ch. Jan. 29, 2019) (naming entity as a nominal defendant in an action pursuant to Section 18-110); *Obeid v. Hogan*, 2016 WL 3356851, at *1 (Del. Ch. June 10, 2016) (same); *Facchina v. Malley*, 2006 WL 2328228, at *1 (Del. Ch. Aug. 1, 2006) (same).

Thus, Delaware law is clear: in disputes between members of an LLC, including disputes as to all matters related to the functions, role, appointment, removal, *etc.*, of the managers, as well as disputes as to the votes of members, all of which are encompassed by § 18-110, the limited liability company's proper designation is that of a nominal defendant. That is because in such actions the LLC itself "has no interest in the outcome," and has no "standing" to pursue the claim in its own name. *Lynch v. Gonzalez, supra.* And that is precisely why the REIT was designated as a nominal defendant in the DC District action. The Plaintiffs' designation of the REIT—an entity with no standing to assert its own claim and no interest in the outcome—as a party plaintiff in this action was done solely for the purpose of manufacturing a lack of diversity to divest the DC District Court of jurisdiction. The Plaintiffs' claim that the REIT has its own interests to pursue is wrong as a matter of Delaware law.  The REIT is a nominal party whose citizenship should be disregarded for diversity analysis. *Johnson c. SmithKline Beecham Corp, supra.*

### B. The Alleged "Interests" of the REIT are Nothing More Than a Recasting of the Australian Trust's Defendants as Affirmative Claims

That the REIT is not a real party in interest here is evident not only from the straightforward application of Delaware law on which Plaintiffs themselves rely, but from the complaint itself. Every claim asserted by the Plaintiffs is in fact a defense

by the Australian Trust to PMC's claims in the DC District Action, disguised as an affirmative claim by the REIT to enforce its own supposed "interests."

The DC District Action is fundamentally a dispute between two members of the REIT as to the amount of their respective ownership in it. PMC seeks a judgment declaring that it owns 53.5% and the Australian Trust owns 46.5% of the REIT. (Dkt. 6-1, ¶¶ 27, 28). PMC further alleges that the Australian Trust has falsely asserted that it owns 68% of the REIT. (Dkt. 6-1, ¶ 31). Based on its majority ownership, PMC seeks a declaration that the Australian Trust's actions (or actions of those acting on its behalf, such as the "manager" appointed by the Australian Trust) based on its claimed majority status are void or voidable. (Dkt. 6-1, ¶ 46). PMC also seeks an injunction enjoining the Australian Trust from taking any actions that are inconsistent with its non-majority status. (Dkt. 6-1, ¶¶ 48-53).

This action is at bottom nothing more than a defense by the Australian Trust to PMC's allegations in the DC District Action. The Australian Trust claims it owns 68% of the REIT. (Dkt. 6-3, ¶¶ 27, 55, 60, 63, 68). It also alleges that PMC's claim of majority ownership is "barred by the doctrine of estoppel." (*Id.* at ¶ 60). Based on these assertions, the Australian Trust seeks in Count I a declaration of the "validity" of a certain Memorandum of Understanding, which is the very document on which the Australian Trust relies to argue that it holds a 68% interest in the REIT and that PMC holds 32%. (Dkt. 6-3, ¶¶ 51-53). In other words, this is a request by the Australian Trust for a declaration that it owns 68% of the REIT (and that PMC owns

32%) presented as a claim to "validate" a document which the Australian Trust claims says so.

In Count II, the Plaintiffs seek a declaration as to the "ownership of REIT," *i.e.*, that the Australian Trust owns 68% of the REIT. The claim is precisely the inverse of what PMC claims in the DC District Action. (Dkt. 6-3, ¶ 63).

The REIT does not have an interest in the outcome of a dispute between its members concerning their percentage of ownership *of itself.* The REIT has no interest in whether it is PMC or the Australian Trust who are declared the majority owner of itself. Counts I and II are nothing more than the Australian Trust's claims for majority interest in the REIT, with the REIT being dragged into the case as a purported additional plaintiff with its own purported "interest," which consists, not surprisingly, of exactly the same thing that the Australian Trust wants – a majority interest in the REIT.

In Counts III and IV, the Plaintiffs ask the court to declare the "Role of the Manager" of REIT, and the validity of his actions as Manager. (Dkt. 6-3, ¶¶ 65-68). These counts are stated in order to negate PMC's allegation in the DC District Action that the Australian Trust has "purported to conduct itself as a majority owner of [the] REIT," and has "made it impossible for majority holders to remove the purported new 'manager' of [the] REIT." (Dkt. 6-1, ¶ 32).

In Count IV, the Australian Trust seeks a declaration that the actions of Manager are not void or voidable. (Dkt. 6-3, ¶ 72). This, again, is an attempt to

-11-

negate PMC's request in the DC District Action for a declaration "that all documents executed by Defendant, or any person or entity purporting to act on its behalf [*i.e.*, including the purported manager], based on Defendant's claimed status as a majority owner of [the] REIT are void or voidable at Plaintiff's election." (Dkt. 6-1, ¶ 46(e)). Count V, entitled "Australian Trust v. PMC Investor, is for an indemnification of costs and expenses against PMC. (Dkt. 6-3 ¶¶ 75, 76).

In sum, all the affirmative claims in this action are in fact the Australian Trust's defenses (or, as to Count V, a possible counterclaim) to PMC's claims in the DC District Action, disguised as affirmative claims.

The REIT is not a party in interest to any of these claims, both as a matter of Delaware law and common sense. The dispute is between PMC and the Australian Trust as to which entity is the majority owner of the REIT. The REIT itself has no stake in that dispute. The REIT is "not before the Court as a party *in personam*," but rather as an entity whose ownership and managerial status are "the *res* to be adjudicated." *Lynch, supra*. It is precisely for that reason that the REIT must be regarded as a "nominal" defendant under Delaware law, a party over which jurisdiction "must be asserted in order to enforce any subsequent judicial ruling," even though it 'has no 'interest' in the outcome of judicial review." *Id*.

The REIT's citizenship should be disregarded for diversity purposes. *Johnson v. SmithKline Beecham Corp, supra*.

C. **PMC Netherlands is Not a "Real" or "Substantial" Party to the Controversy**

Plaintiff's complaint plainly says PMC Netherlands has "made no capital contributions and therefore owns none of the Common Shares in the REIT," and that it "has never asserted any ownership rights to Common Shares in the REIT." (Dkt. 6-3, ¶¶ 4, 22, 56, 62). Defendant has made no claim against PMC Netherlands. And Plaintiffs themselves make no claims against PMC Netherlands in their complaint. Indeed, the Memorandum of Understanding which Plaintiffs seek to "validate" in Count I allocates the interest in the REIT as 68% to the Australian Trust and 32% to PMC, totaling 100%. The dispute between PMC and the Australian Trust is whether the allocation of interest in the REIT is 53.5/46.5 in PMC's favor or 68/32 in the Australian Trust's favor. Thus, both sides agree that the total allocation between them amounts to 100% of the interest in the REIT, and no party regards PMC Netherlands as having any interest at all.

Despite having so pled, Plaintiffs claim in their motion that "what is not clear is the extent of PMC Netherland's ownership of Common Shares in the REIT," and that "the reason PMC Netherlands is named as a defendant…is to settle finally its ownership interest in the REIT or determine that it has none." (Dkt. 15 at p. 17). Thus, even though PMC Netherlands has never contributed a penny to the REIT, never acquired any shares in the REIT, and ***has never claimed any interest in the REIT***, and even though no one in this action (or anywhere) has ever claimed that

-13-

PMC Netherlands has ever held any ownership interest in the REIT, PMC Netherlands must nevertheless be included as a defendant in order to determine whether it in fact has any ownership interest in the REIT. Plaintiff's contention is as ridiculous as it sounds. There is only one reason PMC Netherlands was included as a defendant: a transparent scheme to contrive a claim by a foreign plaintiff (Australian Trust) against a foreign defendant (PMC Netherlands), with the aim of destroying diversity.

### 1. No Actual Controversy Exists Between Plaintiffs and PMC Netherlands

The requirement of an actual controversy for the purposes of the Declaratory Judgment Act is well settled:

> The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interest…and must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007). To determine the difference between a hypothetical question and an actual controversy in an action for declaratory judgment the "question is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

The Third Circuit has formulated a three-part test to determine whether a case or controversy exists for purposes of a declaratory judgment. ***All three requirements must be satisfied***: (1) adversity of interest of the parties, (2) conclusivity of the judicial judgment, and (3) the practical help, or utility, of that judgment. *Step-Saver Data Systems, Inc. v. Wyse Technology*, 912 F.2d 643, 647 (3d Cir. 1990). To satisfy the first requirement—adversity of interest of the parties—plaintiff "must demonstrate either (1) present adversity of legal interests between the parties; or (2) immediacy and reality of future harm." *Moore Corporation Limited v. Wallace Computer Services*, 898 F. Supp. 1089, 1095 (D. Del. 1995). *See also Breitigan v. Delaware*, 2003 WL 21663676, *3 (D. Del. July 16, 2003) (same).

It is immediately obvious that no adversity of interest between Plaintiffs and PMC Netherlands exists. There is no allegation that PMC Netherlands has ever claimed to hold an ownership interest in the REIT. The Australian Trust, which is in possession of the banking and other records of the REIT, states that PMC Netherlands has not invested any capital into the REIT and has no shares in the REIT. No one, not PMC Netherlands, not PMC, not the REIT itself disputes this. What then is the "present adversity of legal interests" between the Australian Trust and PMC Netherlands? There is none.

For the same reason, there is no plausible "immediacy and reality of future harm." Plaintiff essentially says that, while there is nothing it can point to suggest that PMC Netherlands could claim an ownership interest in the REIT, and while

-15-

PMC Netherlands has never made any such claim, Plaintiff wants a court order just in case at some point in the future PMC Netherlands might make such a claim. This runs contrary to the entire jurisprudence underpinning the requirement of an actual controversy. The complaint does not even come close to making a claim against PMC Netherlands that is a "definite," "concrete," and "substantial" controversy, with "present adversity," and "immediacy and reality" of harm. Plaintiffs posit a hypothetical situation where an entity that has never expressed the slightest indication that it might assert a claim or that it has a claim to assert, and who they say has no plausible claim to make, might make such an implausible claim at some point in the indefinite future, and ask the Court to adjudicate this hypothetical claim now, just in case that hypothetical event happens.

A party must be a "real and substantial party to the controversy" for the purposes of determining diversity jurisdiction. *Navarro Ass'n v. Lee,* 446 U.S. 458, 463(1980). *See also Johnson c. SmithKline Beecham Corp*., 724 F.3d 337, 358 (3d Cir. 2013) (citing *Navarro*). By no stretch can PMC Netherlands be said to be a real and substantial party and its citizenship should be disregarded.

-16-

## <u>CONCLUSION</u>

For the foregoing reasons, the motion to remand should be denied.

Dated: April 28, 2023

Respectfully submitted,

**SULLIVAN HAZELTINE ALLINSON LLC**

*/s/ William A. Hazeltine*
William A. Hazeltine (No. 3294)
919 North Market Street, Suite 420
Wilmington, Delaware 19801
Tel: 302.428.8191
Fax: 302.428.8195
Email : whazeltine@sha-llc.com

and

**RIVKIN LAW GROUP PLLC**
Oleg Rivkin, Esq.
48 Wall Street, Suite 1100
New York, New York 10005
(212) 231-9776
(201) 362-4100 (mobile)
or@rivkinlawgroup.com

*Counsel for PMC Investor, LP*

-17-

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this memorandum is in 14-point Times New Roman font and that it contains 4,119 words, excluding the case caption, table of contents, table of authorities, and signature block.  I relied upon the word count of the word-processing system (Microsoft Word) used to prepare the filing.

Dated: April 28, 2023

SULLIVAN HAZELTINE ALLINSON LLC

/s/ William A. Hazeltine
William A. Hazeltine (No. 3294)
919 North Market Street, Suite 420
Wilmington, Delaware 19801
Tel: 302.428.8191
Fax: 302.428.8195
Email: whazeltine@sha-llc.com

*Counsel for PMC Investor, LP*