IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MEMORY CARE US REIT, LLC,
and MEMORY CARE (US REIT)
PTY LIMITED, as trustee for
MEMORY CARE (US REIT)
TRUST,

                              Plaintiffs,

          v.

PMC INVESTOR, LP, and
PANCHO MEMORY CARE NL
C.V.,

                              Defendants.

Civil Action No. 23-357-CFC

---

## MEMORANDUM ORDER

This case arises from a disagreement over ownership and control of a

Delaware limited liability company (LLC) named Memory Care US REIT, LLC

(the LLC). Two members of the LLC, one named PMC Investor, LP, and the other

named Memory Care (US REIT) Trust (which the parties refer to as the Australian

Trust), each claim to own a majority-in-interest of and the right to control the LLC.

On December 30, 2022, PMC Investor, LP sued the Australian Trust and its

trustee (which the parties call the Australian Trustee) in the United States District

Court for the District of Columbia, and named the LLC as a "nominal" defendant. I will call that lawsuit the DDC Litigation. PMC Investor, LP's complaint in the DDC Litigation generally alleged that PMC Investor, LP was the true majority owner of the LLC, with the right to control it, but that the Australian Trust had falsely claimed to own a majority-in-interest of the LLC and had purported to conduct itself as the majority owner by, among other things, appointing a new manager for the LLC, negotiating a loan, making day-to-day decisions for the LLC, and formulating a plan for additional equity investments in the LLC.  (D.I. 1, Ex. A, Ex. G at ¶ 42)  PMC Investor, LP sought, among other things, a declaration that all prior actions of the Australian Trust or anyone on its behalf (including the putative manager of the LLC) that were inconsistent with its true minority ownership interest are void or voidable. (D.I. 1, Ex. A, Ex. G at ¶ 46; D.I. 19 at 10)

On March 16, 2023, the LLC, the Australian Trust and the Australian Trustee sued PMC Investor, LP and another party in the Delaware Court of Chancery. Their Complaint alleged that the Australian Trust owned a majority-in-interest of the LLC and had validly appointed the LLC's putative manager, and that various actions by the LLC's putative manager causing the LLC to enter into various contacts were therefore valid.  Plaintiffs sought, among other things, declarations that various contracts the LLC entered into at the direction of its putative manager were authorized and are not void or voidable.  (D.I. 1, Ex. A at ¶¶ 70-72)

On March 29, 2023, PMC Investor, LP removed the Court of Chancery lawsuit to this Court. A flurry of motions followed.

On March 31, 2023, PMC Investor, LP moved to transfer venue to the District of the District of Columbia. (D.I. 4) On April 10, 2023, PMC Investor, LP moved to dismiss this action for improper venue and insufficiency of service. (D.I. 8) On April 14, 2023, the LLC, the Australian Trust and the Australian Trustee moved to remand the case to the Court of Chancery for lack of subject matter jurisdiction. (D.I. 14) All these motions have been briefed.

On June 15, 2023, the United States District Court for the District of Columbia dismissed the DDC Litigation for lack of subject matter jurisdiction. *PMC Investor, LP v. Memory Care (US REIT) Pty Limited*, Case No. 1:22-cv-3841 (TNM), 2023 WL 4027519 (D.D.C. June 15, 2023). The court held that the LLC "has an interest in this case and thus was improperly named as just a nominal party." (*Id.* at 1) Because it was not merely a nominal party, the LLC's citizenship had to be considered for purposes of diversity. The court concluded that the parties lacked complete diversity because a limited liability company shares the citizenship of each of its members.

In response to this ruling, PMC Investor, LP acknowledged that its motion to transfer venue is moot, but it still opposes remand. (D.I. 24)

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The federal removal statute is strictly construed, requiring remand if any doubt exists about whether removal was proper. *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015); *Steel Valley Authority v. Union Switch and Signal Division*, 809 F.2d 1006, 1010 (3d Cir. 1987). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

The Plaintiffs' grounds for remand are straightforward. One of the Plaintiffs is the LLC. A limited liability company shares the citizenship of each of its members. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). Defendant PMC Investor, LP is one of the LLC's members. One of the Plaintiffs therefore shares citizenship with one of the Defendants, defeating diversity.

In response, PMC Investor, LP concedes that the LLC shares the citizenship of each of its members, but argues (as it did unsuccessfully in the DDC Litigation) that the LLC should be ignored for jurisdictional purposes because it is merely a "nominal party" to the litigation. The Supreme Court has held that a party can be ignored when determining diversity if the party is merely nominal. *Navarro Savings Ass'n v. Lee,* 446 U.S. 458, 461 (1980). A nominal party is one that has no real interest in the dispute. *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337,

4

358 (3d Cir. 2013); *Bumberger v. Ins. Co. of N. Am.,* 952 F.2d 764, 767 (3d Cir.1991). *See also 2009 Caiola Fam. Tr. v. PWA, LLC*, No. CV 12-1583-GMS, 2013 WL 3753614, at *1 (D. Del. July 10, 2013) ("[A] nominal party is often defined as a party with no 'interest in the result of the suit' or 'no actual interest or control over the subject matter of the litigation.'") (*quoting Bumberger*, 952 F.2d at 767). PMC Investor, LP argues that the LLC is a nominal party because it has no interest in a dispute about which of its members owns how much of it.

The LLC is not merely a nominal party to this lawsuit. In the DDC Litigation, PMC Investor, LP did not limit its requested relief to an adjudication of the relative ownership percentages of the members. It went further, seeking a declaration that various actions the LLC had taken were void or voidable. In response, in this lawsuit the LLC seeks a declaration that those actions are authorized and valid rather than void or voidable. The LLC's claims might or might not have merit; but it cannot be said that the LLC has no real interest in their outcome. *See 2009 Caiola Fam. Tr. v. PWA, LLC*, No. CV 12-1583-GMS, 2013 WL 3753614, at *1 (D. Del. July 10, 2013) (noting that accusations of improper management generally implicate the potential for substantial harm to the limited liability company itself).

5

Because the LLC is not merely a nominal party, it must be considered when determining whether complete diversity exists. Because a limited liability company shares the citizenship of each of its members, complete diversity is absent. This Court therefore lacks subject matter jurisdiction, and the motion to remand must be granted.

Plaintiffs ask that I require PMC Investor, LP to pay the fees and expenses that Plaintiffs incurred as a result of the removal. Under 28 U.S.C. § 1447(c), an order remanding a removed case may also require the removing party to pay fees and expenses incurred as a result of the removal if there were no "objectively reasonable" grounds for removal. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). *See May v. First Motor Grp. of Encino LLC*, No. CV 18-316-CFC, 2019 WL 181324, at *3 (D. Del. Jan. 11, 2019). A district court has "broad discretion and may be flexible in determining whether to require the payment of fees under 28 U.S.C. 1447(c)." *Hammer v. Scott*, 137 Fed. Appx. 472, 474-75 (3d Cir. 2005). A finding of bad faith is not necessary.

Here, PMC Investor, LP sought to justify its removal on the ground that the LLC has no real interest in the resolution of the ownership percentage dispute between its members. That might be so. But that position ignored the fact that both sides in this dispute asserted claims and sought relief that went beyond merely determining the relative ownership percentages of the members and addressed the

6

collateral consequences to the LLC of the members' ownership dispute.  Thus, in the DDC Litigation, PMC Investor, LP sought relief rendering actions of the LLC void or voidable.  (D.I. 1, Ex. A, Ex. G at ¶ 42; D.I. 17 at 6)  In response (as PMC Investor, LP's own briefing recognized), the LLC sought a declaration that various actions it took under the direction of its putative manager were valid rather than void or voidable. (*E.g.*, D.I. 19 at 11)  In its briefing, PMC Investor, LP contended that the LLC had no real interest in the outcome of the members' ownership dispute *per se*, but never attempted to explain how it could be that the LLC had no "real interest" in the validity of its contracts.  I see no objectively reasonable grounds for the contention that the LLC was merely a nominal party.  It is readily apparent that the proper forum to resolve the parties' disputes, all of which are governed by Delaware law, is the Delaware Court of Chancery.  PMC Investor, LP's doomed attempts to litigate its claims in the federal courts have caused only unnecessary expense and delay.  It is therefore appropriate to award Plaintiffs their costs, fees and expenses incurred as a result of the removal.

NOW THEREFORE, at Wilmington on this Sixteenth day of November in 2023, it is HEREBY ORDERED that:

1. Defendant PMC Investor, LP's Motion to Transfer Venue (D.I. 4) is DENIED AS MOOT;

2. Plaintiffs' motion to remand (D.I. 14) is GRANTED;

8

3. Plaintiffs shall submit a statement quantifying and supporting their request for costs, fees and expenses within 30 days of this order. PMC Investor, LP shall then submit its opposition, if any, within 30 days after Plaintiffs' submission. There shall be no reply unless the Court invites it.

_____
COLM F. CONNOLLY
CHIEF JUDGE