IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEMORY CARE US REIT, LLC, and MEMORY CARE (US REIT) PTY LIMITED, as trustee for MEMORY CARE (US REIT) TRUST, <br><br> Plaintiffs, <br><br> v. <br><br> PMC INVESTOR, LP, and PANCHO MEMORY CARE NL C.V., <br><br> Defendants. | Civil Action No. 23-357-CFC |

## **MEMORANDUM ORDER**

This case arises from a disagreement over ownership and control of a Delaware limited liability company named Memory Care US REIT, LLC (which I will call the LLC). Two members of the LLC, one named PMC Investor, LP (which I will call PMC), and the other named Memory Care (US REIT) Trust (which the parties refer to as the Australian Trust), each claim to own a majority-in-interest and the right to control the LLC.

There are no federal questions involved in this dispute and there is no diversity because a limited liability company shares the citizenship of each of its

members. The right courts to resolve this state law dispute over the control of a Delaware limited liability company are the Delaware state courts.

Nevertheless, PMC sued the Australian Trust and its trustee in the United States District Court for the District of Columbia, and named the LLC as a "nominal" defendant, arguing that because the LLC was merely a "nominal" party, its presence did not defeat diversity. I will refer to PMC's suit against the Australian Trust as the DDC Litigation.

Thereafter, the LLC, the Australian Trust, and the Australian Trusts' trustee filed this suit against PMC and Pancho Memory Care NL C.V in the Delaware Court of Chancery, and PMC removed the case to this Court. PMC then moved to transfer venue to the District of the District of Columbia and to dismiss this action for improper venue and insufficiency of service. The LLC, the Australian Trust, and its trustee moved to remand for lack of subject matter jurisdiction.

While these motions were pending before me, the United States District Court for the District of Columbia dismissed the DDC Litigation for lack of subject matter jurisdiction. *PMC Inv., LP v. Memory Care (US REIT) PTY Ltd.*, 2023 WL 4027519 (D.D.C. June 15, 2023). The court held that the LLC "has an interest in this case and thus was improperly named as just a nominal [party]," and therefore defeated diversity. *Id.* at *1.

By Memorandum Order dated November 16, 2023, I remanded this case to the Delaware Court of Chancery. In doing so, I concluded that PMC lacked an objectively reasonable basis for its removal of the case and agreed to grant Plaintiffs' request under 28 U.S.C. § 1447(c) for an order requiring PMC to pay Plaintiffs "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

I directed Plaintiffs to submit a statement quantifying and supporting their request and PMC to thereafter submit any opposition. I now resolve the parties' disputes regarding the proper amount of an award of costs, fees, and expenses.

Plaintiffs seek a total award of $29,957.45. They support their request with declarations from each of the three attorneys who represented Plaintiffs in this action. *See* D.I. 27-1, 27-2, 27-3. The components of their request are: $16,600 for 33.2 hours worked by Jeffrey A. Greene at an hourly rate of $500 (D.I. 27-1); $2,821.50 for 2.7 hours worked by Matthew C. Baltay of Foley Hoag LLP at an hourly rate of $1,045 (D.I. 27-2); $7,700 for 14 hours worked by Carl Neff of FisherBroyles, LLP at an hourly rate of $550 (D.I. 27-3); $2,575 for 10.3 hours worked by Mr. Neff's paralegal at an hourly rate of $250 (D.I. 27-3); and $260.95 in expenses (D.I. 27-3 ¶ 5). The attorneys' declarations each represent that these billing rates are the timekeepers' regular hourly rates and the rate at which they are charging Plaintiffs for their work in this matter, and that the identified fees and

3

expenses were billed to Plaintiffs as a result of the removal. The declarations include supporting detail in the form of specific time entries describing the work performed.

PMC makes several objections to Plaintiffs' quantification. With one small exception, they lack merit.

PMC argues that it should not be charged for work by Plaintiffs' counsel responding to PMC's motion to transfer and motion to dismiss on the ground that there was nothing unreasonable about the filing of these motions. D.I. 28 ¶¶ 1–9. PMC acknowledges (without conceding) that I found that it lacked an "objectively reasonable" basis for removal, but argues that once it had removed the case to this Court, it was then reasonable for it to file a motion to transfer venue to the District of the District of Columbia, and also that, having removed the case to this Court, it was then reasonable for it to file a motion to dismiss based on the first-filed rule. D.I. 28 ¶¶ 2–5. It argues that "Plaintiffs should not be entitled to claim legal fees in connection with the Motion to Transfer and Motion to Dismiss, as these were not unreasonable under the circumstances." D.I. 28 ¶ 9.

These arguments misperceive the relevant inquiry. Under § 1447(c), an order remanding a removed case may require the removing party to pay fees and expenses incurred as a result of the removal if there were no "objectively reasonable" grounds for removal. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132,

4

141 (2005); *see also May v. First Motor Grp. of Encino LLC*, 2019 WL 181324, at *3 (D. Del. Jan. 11, 2019). To adequately deter improper removals, when a party removes a case without an objectively reasonable basis to do so, it should bear the fees and expenses "incurred as a result of the removal." § 1447(c). The Court need not determine whether the wrongfully-removing party compounded its error with additional objectively unreasonable actions. If PMC had not removed the case, it could not have filed its motion to transfer. Fees and expenses opposing the motion to transfer were therefore "incurred as a result of the removal." The motion to dismiss for improper venue and insufficiency of service is perhaps a closer call, because PMC contends that it "would have filed a similar motion in the [Court of Chancery] absent the removal." D.I. 28 ¶ 4. But my review of the briefing on the motion to dismiss shows that the parties based their venue arguments on federal law that would have been irrelevant in the Court of Chancery. Furthermore, my review of the docket in the Court of Chancery also shows that PMC did not pursue a motion to dismiss there after remand. For all these reasons, I conclude that fees and expenses billed by Plaintiffs' counsel in opposing the motion to dismiss were "incurred as a result of the removal."

  PMC next makes various objections to the reasonableness of Plaintiffs' requested fees and expenses.

First, PMC asserts that Mr. Baltay's hourly rate of $1,045 is not reasonable. D.I. 28 ¶¶ 10–13. I note that Plaintiffs only seek an award for 2.7 hours of Mr. Baltay's time, almost all spent in what appears to be a high-level review and commenting on draft filings. *See* D.I. 27-2 ¶ 3. Mr. Baltay declares that $1,045 is his current regular hourly rate for such matters and the rate he is charging the Plaintiffs in this matter. D.I. 27-2 ¶ 2. For a senior corporate and commercial litigator practicing in this jurisdiction, this hourly rate is not excessive. *See Top Big Law Partners Are Earning More Than $2,400 Per Hour, as Rates Continue to Climb*, ALM GLOBAL (Jan. 10, 2024, 5:00 AM), https://www.law.com/americanlawyer/2024/01/10/top-restructuring-partners-are-earning-more-than-2400-per-hour-as-rates-continue-to-climb/.

Second, PMC objects to the reasonableness of the hours billed on the ground that it appears all attorney work on the matter was handled by partners rather than associates. D.I. 28 ¶ 15. Having reviewed the Plaintiffs' attorneys' time entries and the briefs they submitted to the Court, I find that they worked efficiently. PMC has not identified any specific task that it thinks could or should have been performed more efficiently by a more junior attorney, and my own review of the time records does not suggest one. I reject this objection.

Third, PMC states that two time entries with the description "work on Delaware filings" are too general. D.I. 28 ¶ 16. But in light of the necessarily

6

overlapping content and timeline of Plaintiffs' submissions on the three motions, this description is not inadequate under the circumstances.

Fourth, PMC asserts that several emails between the parties' counsel that are referred to in Mr. Greene's time records "contain a discussion of the substantive aspects of the parties' respective positions in the case, which would have occurred even if the case had not been removed to this Court." D.I. 28 ¶ 17. I note that PMC does not state that this was the only topic, or even the primary topic, contained in the emails. In any event, without providing me with the emails or at least a supporting declaration, I cannot credit this assertion, and therefore reject the objection.

Fifth, PMC points out that Mr. Neff's declaration includes a time entry well after the remand that refers to discovery-related matters and the requirement to meet and confer in advance of motion practice. D.I. 28 ¶ 17. This time entry for 0.6 hours at an hourly rate of $550 does not appear to have resulted from the removal and I therefore deduct $330 from Plaintiffs' requested award.

Sixth, PMC argues that a time entry by Mr. Greene for 1 hour reviewing a filing by PMC and performing associated research was excessive. D.I. 28 ¶ 17. PMC says "[t]he sum and substance of the document was that PMC was withdrawing its Motion to Transfer and was maintaining its position on the Motion to Remand. The document contained nothing that hadn't been stated in prior

7

briefs, several times, in fact. It entailed no 'research' that hadn't already been done." D.I. 28 ¶ 17. That is wrong. The "sum and substance" of the filing Mr. Greene reviewed was PMC's argument that the decision dismissing the DDC Litigation should not have preclusive effect. *See* D.I. 24. PMC cited two cases on the question of the preclusive effect of a jurisdictional ruling, which was a legal issue that was not relevant in the case until the dismissal of the DDC litigation. *See* D.I. 24 at 2–3. There was nothing excessive about Mr. Greene performing less than an hour of research in response.

Finally, PMC argues without supporting authority that Plaintiffs ought not be awarded fees for time spent preparing their application for fees. D.I. 28 ¶ 19. But time spent preparing the fee application at my direction was incurred as a result of the removal. Certainly there would have been no need for Plaintiffs to prepare the fee application if PMC had not removed the case. *See King v. Alpha Sigma Tau Nat'l Found., Inc.*, 2020 WL 7041767, at *3 (M.D. Pa. Dec. 1, 2020) (allowing aggrieved party to recover the cost of litigating the fee award, explaining that "[t]he plain text of section 1447(c) states that fees are recoverable if they were incurred *as a result of* a removal. Recovering attorneys' fees is clearly one result of Defendants' choice to remove without an objectively reasonable basis for doing so.") (emphasis in the original).

NOW THEREFORE, at Wilmington on this Twenty-fourth day of July in 2024, it is HEREBY ORDERED that Plaintiffs are awarded $29,627.45, which PMC shall pay to Plaintiffs' counsel within ten days of this Memorandum Order.

_____
CHIEF JUDGE